L. Romeo HARDIN, Appellant,

Jeffrey Grafton; Saleem Hamilton; Maurice Campbell, Plaintiffs,

v.

John MATHES; William Sperflage; John Emmett; Clarence Raymond Petrie; Dave DeGrange; David Tadman; Gregg Colven; Joy Kuper; Mike Cutler; Unknown Officials; Unknown Officials, Unknown Officials K9; Debra Nichols; Lt. Dan George; Mike Petrie; Todd Eaves; Bill Wilke, Appellees.

L. Romeo Hardin; Jeffrey Grafton, Plaintiffs,

Saleem Hamilton, Appellant,

Maurice Campbell, Plaintiff,

v.

John Mathes; William Sperflage; John Emmett; Clarence Raymond Petrie; Dave DeGrange; David Tadman; Gregg Colven; Joy Kuper; Mike Cutler; Unknown Officials; Unknown Officials, Unknown Officials K9; Debra Nichols; Lt. Dan George; Mike Petrie; Todd Eaves; Bill Wilke, Appellees.

Nos. 07–3137, 07–3140.

United States Court of Appeals, Eighth Circuit.

Submitted: Aug. 24, 2009.

Filed: Sept. 1, 2009.

L. Romeo Hardin, Milwaukee, WI, pro se.

Iowa Department of Corrections, argued, Fort Madison, IA, for Plaintiffs.

H. Loraine Wallace, Attorney General's Office, argued, Des Moines, IA, for Appellees.

Before BYE, BOWMAN, and BENTON, Circuit Judges.

PER CURIAM.

██ In these consolidated appeals, Iowa inmates L. Romeo Hardin and Saleem Hamilton appeal the district court's[1] entry of adverse judgment following a jury trial in their 42 U.S.C. § 1983 action. In No. 07–3137, we reject Hardin's contention that he did not waive his right to proceed before an Article III judge. The record shows that standby counsel signed a document reflecting plaintiffs' consent to proceed before a magistrate judge. Further, Hardin did not identify this as an issue in his postjudgment motions or in his document listing numerous issues for appellate review. As to the merits, without a trial transcript we cannot review his challenges to the district court's evidentiary rulings. *See Schmid v. United Bhd. of Carpenters & Joiners,* 827 F.2d 384, 386 (8th Cir.1987) (per curiam).

██ In No. 07–3140, Hamilton's separately filed notice of appeal was untimely. *See* Fed. R.App. P. 4(a)(1),(3) (time limits for filing notice of appeal in civil case); *Dieser v. Cont'l Cas. Co.,* 440 F.3d 920, 923 (8th Cir.2006) (jurisdictional issues will be raised sua sponte if there is indication jurisdiction is lacking; timely notice of appeal is mandatory and jurisdictional); *see*

*also Porchia v. Norris,* 251 F.3d 1196, 1198 (8th Cir.2001) (inmate bears burden of proving his entitlement to benefit of prison mailbox rule); *Burgs v. Johnson County, Iowa,* 79 F.3d 701, 702 (8th Cir. 1996) (per curiam) (untimely notice of appeal cannot serve as motion for extension of time to file appeal).

Accordingly, in Hardin's appeal we affirm, *see* 8th Cir. R. 47B, and we also deny his pending motion. We dismiss Hamilton's appeal for lack of jurisdiction.

for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

---

1. The Honorable Ross A. Walters, United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred